John T. WHITE, Jr. and Carol Marie White, Plaintiffs,

v.

UNITED STATES of America, Sherrill Smith Clark, John Richard Bannister, Oklahoma State University Education and Research Foundation, Inc., Oklahoma State University, Defendants.

Civ. A. No. 77–138.

United States District Court, W. D. Pennsylvania.

April 23, 1979.

Robert G. Rose, Spence, Custer, Saylor, Wolfe, Rose, Johnstown, Pa., for plaintiffs.

Robert E. Wayman, Pittsburgh, Pa., for Bannister, Okl. State University Ed. & Research Foundation, Okl. State Univ.

Richard A. Behrens, Hollidaysburg, Pa., for Sherrill Smith Clark.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., for United States.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiffs, John T. White, Jr. and Carol White, were involved in an automobile accident in Bedford County, Pennsylvania and brought this action against the defendants, Sherrill Smith Clark, John Richard Bannister, Oklahoma State University Education and Research Foundation, Inc. ("OSU") and Oklahoma State University. Mr. Bannister was an employee of defendant, OSU. OSU had a contract with the National Aeronautics and Space Administration ("NASA"), an agency of the United States Government, to provide educational programs for school children. Mr. Bannister was an aerospace education science specialist whose principal duties were to give space science lectures and presentations at various schools throughout several northeast states. On the day of the accident, Mr. Bannister was driving a specially equipped van from Maryland to a school visitation program at Hollidaysburg, Pennsylvania.

The United States is a defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiffs contend that the control NASA, through its officials, retained and exercised over the performance of Mr. Bannister's work pursuant to the OSU contract made Mr. Bannister an "employee of the government" within the purview of 28 U.S.C. §§ 1346(b) and 2671. The United States has moved for summary judgment asserting that Mr. Bannister was not its employee but the employee of an independent contractor, OSU, and therefore the government is not liable under the Act.

The Federal Tort Claims Act makes the United States liable for money damages for torts "caused by the negligent or wrongful act or omission of any employee of the government." 28 U.S.C. § 1346(b). Although the term "employee of the government" includes "officers of any federal agency," 28 U.S.C. § 2671, contractors with the United States are specifically excluded from the definition of a federal agency. 28 U.S.C. § 2671. The Act does not define what constitutes independent contractor status, but the United States Supreme Court has held that " 'the contractor with the United States' language of § 2671 adopts the traditional distinction between employees of the principal and employees of an independent contractor with the principal . . . [and] that the critical factor in making this determination is the authority of the principal to control the detailed physical performance of the contractor." *Maryland v. United States*, 381 U.S. 41, 53, 85 S.Ct. 1293, 1300, 14 L.Ed.2d 205 (1965). *See also Logue v. United States*, 412 U.S. 521, 526–27, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). In *Logue* the Court explained that having the right merely to set standards, and reserving the right to make inspections to verify that standards were complied with, absent the authority to physically supervise the contractor's employees, did not make the United States the employer of prison guards in the Nueces County Jail. 412 U.S. at 530, 93 S.Ct. 2215.

NASA's right to control Mr. Bannister was governed by the contract between OSU and NASA, Contract No. NASW–1964, which is part of the record. Careful examination of the contract does not indicate any right of NASA to control the daily physical conduct of Mr. Bannister. The contract does provide for inspections (Contract, Article IX); guidelines (Contract, Article 1.A.1.

b.3.); and training (Contract, Article I.D.). These functions, however, do not constitute the right to control the physical conduct of Mr. Bannister under the *Logue* analysis.

Although Contract No. NASW–1964 does not *give* NASA the right to control Mr. Bannister's physical activities, the conduct of NASA must be scrutinized to determine whether NASA *actually* exercised physical control over Mr. Bannister's job-related activities. The Third Circuit in *Costlow v. United States,* 552 F.2d 560 (3d Cir. 1977) clearly mandated scrutiny of the control actually exercised in such situations: "The crucial issue is whether the Postal Service exercised such control over the mail truck and its driver, *despite the contract,* that the driver was actually an employee of the federal government within the meaning of the Federal Tort Claims Act rather than an employee of an independent contractor." *Id.* at 563. (Emphasis added.)

In this case, the only facts of record describing the conduct of NASA are found in the deposition of Richard Bannister. The deposition does not reveal any facts from which it may reasonably be inferred that Mr. Bannister's daily physical conduct was actually controlled by officers of NASA. Mr. Bannister's supervisor, who regularly scheduled the locations and times of work assignments, was Lloyd Aaronson, an employee of OSU. Bannister's Deposition (Deposition) at 17. Mr. Bannister would regularly provide reports to Dr. Kenneth Wiggins, who was also an employee of OSU. Deposition at 8. Dr. William Rich and Elva Bailey, NASA employees, assisted in the development of Mr. Bannister's presentation and monitored and received evaluations of Mr. Bannister's work. Deposition at 92–94. However, this aid and oversight given by Dr. Rich and Mr. Bailey constituted NASA's right to set standards and verify compliance with the terms of the contract, not the exercise of control over Mr. Bannister's physical conduct. *See, e.g., United States v. New Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) (giving advice and oversight not constituting supervision of day-to-day activities). The fact that on at least one occasion someone from NASA told Mr. Bannister when to visit a particular school (Deposition at 88) does not imply the exercise of control by NASA sufficient to put in issue whether or not he was an employee of NASA. Since Lloyd Aaronson of OSU would normally schedule Mr. Bannister, a direct assignment by a NASA employee merely represents a deviation from the standard channels of communication and direction.

■ Neither Contract No. NASW–1964 nor the deposition of Richard Bannister raises a genuine issue as to whether NASA controlled the day-to-day physical conduct of Richard Bannister. Absent both NASA's authority to control under the contract, and any actual control exercised, Mr. Bannister is an employee of an independent contractor, OSU, not an employee or officer of the United States or a federal agency for purposes of the Federal Tort Claims Act. Accordingly, the United States is not liable for any alleged negligence on his part. As a matter of law, therefore, the United States is entitled to judgment.

Since the United States is no longer a party in this action, the question arises whether jurisdiction exists over the claims as to the remaining parties. Because the plaintiffs and one of the defendants, Sherrill Smith Clark, are residents of Pennsylvania, the remaining parties do not have complete diversity of citizenship. Therefore, lacking pendent party or diversity jurisdiction, the court on its own motion dismisses the action as to the remaining parties for lack of subject matter jurisdiction. Fed.R. Civ.P. 12(b)(1); 28 U.S.C. § 1332(a).